**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                          CASE NO. 1:25-CR-15-HAB-ALT

BENNY C. SWIFT,

Defendant.

## OPINION AND ORDER

This matter is before the Court on the Government's Motion to Continue Pretrial Motions Deadline, Plea Agreement Deadline, Final Pretrial Conference, and Jury Trial (ECF No. 77) filed on May 13, 2026. The four (4) day jury trial in this matter is currently scheduled to begin on June 23, 2026, and a final pretrial conference is set for June 2, 2026. The Government requests a continuance of the trial-related deadlines for two reasons: to account for the unavailability of an essential government witness and to complete deoxyribonucleic acid (DNA) examination. The Government anticipates that a continuance of the trial date for at least thirty (30) days would resolve these issues. The Government's motion indicates that the Defendant is unwilling to stipulate to the testimony of the essential witness and that he objects to the requested continuance.

## DISCUSSION

The Government seeks to exclude the time associated with its continuance under two provisions of the Speedy Trial Act: as delay "resulting from the absence or unavailability of . . . an essential witness," specifically, the FWPD Detective who oversaw multiple controlled drug

transactions, 18 U.S.C. § 3161(h)(3)(A); and as delay necessary "for the ends of justice," *id.* § 3161(h)(7)(A).

First, the Government asserts that Detective Craig Wise of the Fort Wayne Police Department was the primary manager of the confidential source ("CS") for the multiple controlled drug purchases that form the basis of the drug charges. Detective Wise was integral to these transactions—directing the CS, monitoring the recordings, conducting pre- and post-buy searches, collecting the purchased fentanyl from the CS, performing field tests and then processing and sealing that fentanyl into evidence. Given Detective Wise's critical role in these controlled buys which form the basis of two of the drug charges, the Government maintains Wise is an essential witness in this case. However, due to a family health matter that cannot be rescheduled, Detective Wise will not be available during the trial dates as currently scheduled.

The Speedy Trial Act specifically permits the exclusion of "[a]ny period of delay resulting from the absence or unavailability of . . . an essential witness." 18 U.S.C. § 3161(h)(3)(A). The legislative history on the Speedy Trial Act indicates that an "essential witness" is "a witness so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice. For example, a chemist who has identified narcotics in the defendant's possession would be an 'essential witness.'" *United States v. Marrero*, 705 F.2d 652, 656 (2nd Cir. 1983) (quoting S. Rep. No. 1021, 93d Cong., 2d Sess. 37 (1974)). An essential witness is considered "unavailable" when "his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B).

The Court concludes that Detective Wise is akin to the chemist described in the legislative history. Swift is charged with multiple violations of 21 U.S.C. § 841(a)(1). The Government must

therefore prove that Swift (1) knowingly or intentionally possessed a substance, (2) had the intent to distribute it, and (3) had knowledge that the material was a controlled substance—here, fentanyl. 21 U.S.C. § 841(a)(1); *see also United States v. Brown*, 973 F.3d 667, 697–98 (7th Cir. 2020). Detective Wise's testimony goes directly to the second element. Since no individual other than Detective Wise can currently present his testimony, the Court concludes that he qualifies as an essential witness. *See also United States v. Bates*, No. 1:22-cr-10, 2023 WL 6160829 (N.D. Ind. Sept. 20, 2023) (finding agent who investigated and observed defendant during several drug transactions was an essential witness). The Court also finds that, given the information provided by the Government in its Motion, Detective Wise is unavailable for trial due to his pre-scheduled and immovable family health obligations. Accordingly, the Court concludes that a continuance to secure the testimony of Detective Wise is appropriate.

As to the DNA testing, the Government contends that multiple firearms were recovered in a search of the Defendant's business and residence on February 10, 2025, and that all collected DNA evidence was submitted to the Indiana State Police laboratory for testing on March 28, 2025. Due to a heavy backlog of cases at the ISP laboratory, however, the testing and associated reports will not be completed for at least 60 to 70 additional days. Given that the firearms were found in the Defendant's purported business and the Defendant was not present for the search, the Government believes that the DNA evidence is highly relevant for proving the Defendant's constructive possession of the firearms.

The Speedy Trial Act requires that, "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy (70) days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of

the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Government's need for time to procure and review DNA evidence that could definitively establish the Defendant's guilt or innocence is a valid reason for continuance and for excluding any delay from the Speedy Trial calculation. *See United States v. Villareal*, 707 F.3d 942 (8th Cir. 2013) (state lab's delay in testing evidence not indicative of lack of government diligence and justified ends of justice finding of the district court).

Having reviewed the Government's motion and the applicable law, the Court finds that the Government has capably established multiple bases for a continuance. First, the Court finds that the ends of justice served by granting this Motion outweigh the public's and the Defendant's in a speedy trial, particularly because a failure to grant such a continuance would deny the Government the ability to present highly relevant DNA evidence. 18 U.S.C. § 3161(h)(7)(A). Second, in contrast to ends-of-justice continuances, "periods of delay excludable under § 3161(h)(1)-(6) may be *automatically* excluded if the specified conditions are present; no ends-of-justice balancing by the court is necessary because the balance has already been struck by Congress." *United States v. O'Connor*, 656 F.3d 630, 643 (7th Cir. 2011) (citing *United States v. Tinklenberg*, 563 U.S. 647 (2007)). Because the Government has demonstrated that it is entitled to a continuance and the Court accepts that Detective Wise is unavailable, a continuance is warranted. *See* 18 U.S.C. § 3161(h)(3)(A). The Defendant's objection to the continuance is thus overruled.

### CONCLUSION

The Court, being duly advised, GRANTS the Government's Motion to Continue (ECF No. 77). All trial-related deadlines and hearing dates are VACATED. The final pretrial conference is RESET to July 14, 2026 at 11:00 AM before Chief Judge Holly A. Brady. Counsel only to appear. The four (4) day jury trial is RESET to begin on July 28, 2026 at 10:00 AM before Chief Judge

Holly A. Brady. Any reports required under FRCP 16(a)(1)(G) must be exchanged on or before July 14, 2026. The deadline for parties to file a plea agreement is July 7, 2026. The deadline to file a plea without a plea agreement is June 30, 2026. The deadline for parties to file pretrial motions or a motion to continue trial-related deadlines is June 30, 2026. Any new motion to continue this trial must include the appropriate reference to the Speedy Trial Act, the proposed length of any requested continuance, the position of the Government, an indication of agreement by the Defendant and the position of Co-Defendants, if any. The period of delay resulting from this continuance is to be excluded under the terms of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A).

**SO ORDERED** this 13th day of May 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

5